IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-394-FL

| | | |
|---|---|---|
| ME2 PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DOES 1-16, | ) | |
| | ) | |
| Defendants. | ) | |

This copyright infringement case comes before the court on plaintiff's motion (D.E. 23) for leave to take depositions prior to conducting a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Specifically, plaintiff seeks leave to be permitted to depose each of the subscribers identified by their internet protocol ("IP") address listed in Exhibit B to its complaint (D.E. 1-2). The court previously permitted plaintiff to serve subpoenas on each of the identified subscribers identified in Exhibit B. 1 Dec. 2016 Order (D.E. 12). Since the time the complaint was filed, plaintiff has voluntarily dismissed five of the subscribers identified in Exhibit B. *See* 16 Dec. 2016 Notice of Dismissal as to Doe 16 (D.E. 13); 4 April 2017 Notice of Dismissal as to Doe 2 and Doe 7 (D.E. 17); 9 June 2017 Notice of Dismissal as to Doe 3 and Doe 8 (D.E. 22). In addition, plaintiff was allowed additional time, until 24 November 2017, to serve defendants in this case. 24 Aug. 2017 Order (D.E. 26).

Generally, discovery is not permitted until after the parties have conferred pursuant to Rule 26(f). Fed. R. Civ. P. 26(d)(1). However, the court has discretion to alter the timing and sequence of discovery. *Id.* While the Federal Rules of Civil Procedure do not set forth the standard to be applied in assessing a motion for expedited discovery, courts typically apply either

a reasonableness or good cause test taking into account the totality of the circumstances, or a modified preliminary injunction test. *Gaming v. W.G. Yates & Sons Constr. Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. 16 June 2016); *Lewis v. Alamance Cty. Dep't of Soc. Servs.*, No. 1:15CV298, 2015 WL 2124211, at *1 (M.D.N.C. 6 May 2015).

This court agrees with the courts in this circuit that have applied the reasonableness or good cause standard to requests for expedited discovery. *See Gaming*, 2016 WL 3450829, at *3; *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. 30 June 2015). Factors that courts consider under this test include the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production. *Chryso*, 2015 WL 12600175, at *3.

Here, the court finds that plaintiff has not shown good cause establishing that depositions of each of the subscribers identified in Exhibit B are warranted prior to conducting a Rule 26(f) conference. While the court is sympathetic to plaintiff's position, it also finds that the relief sought on the instant motion is not narrowly tailored. The relief sought by plaintiff's motion would allow it to depose subscribers who have since been dismissed from the case. In addition, plaintiff has not shown that it would suffer irreparable harm if the relief is not granted, only that it may be required to later amend its pleadings. Plaintiff has not demonstrated that the information sought would be unavailable or subject to destruction in the absence of expedited production. It is therefore ORDERED that plaintiff's motion (D.E. 23) is DENIED. Plaintiff is

2

not permitted to depose each of the subscribers identified in Exhibit B to its complaint at this time.

SO ORDERED, this 30 day of October 2017

James E. Gates
United States Magistrate Judge

3